**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JASON DOTY, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:08-cv-771-DFH-TAB |
| ) | |
| GILBERT PETERS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry on Petition for Writ of Habeas Corpus**

In a disciplinary proceeding identified as No. BTC 07-11-0194, a conduct board found that Jason Doty violated prison rules at the Branchville Training Facility through his possession of an electronic device, in this case a cellular phone. Contending that the proceeding was constitutionally infirm, Doty seeks a writ of habeas corpus. He contends that: (1) he "never used or possessed the cell phone;" (2) he was not informed of, nor provided, a copy of the Rule prohibiting this conduct; (3) his request for a continuance was denied; and (4) he was denied the assistance of the specific lay advocate that he had requested.

The writ Doty seeks can be issued only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This standard excludes claims based on asserted errors of state law, which cannot be raised in a habeas corpus proceeding. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991); *Kurzawa v. Jordan,* 146 F.3d 435, 440 (7th Cir. 1998). Nonetheless, Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. See *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintendent v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. at 564, 566, 570-71; *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Doty received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Doty was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. The pleadings and the expanded record demonstrate the foregoing, and also that the challenged proceeding was not otherwise tainted by prejudicial

error. Doty's arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief.

Doty's first claim is that there was no evidence to support the conduct board's finding. His argument in support of this claim is that the cell phone was found in the possession of another inmate. This argument overlooks the plain language of the conduct report in relation to the particular misconduct which was charged. Specifically, the conduct report recites that on the date and time specified the reporting officer saw Doty in possession of what appeared to be the cell phone. The language in the report was that the reporting officer "observed both Doty and Hutchcraft handle the cell-phone." The charge was the unauthorized possession of the cell phone. For the rule to have been violated, the contraband need not have been *found* in possession of the charged inmate. It is enough if the charged inmate *had possessed* the contraband. The evidence favorable to the conduct board's finding shows precisely that. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A conduct report alone may suffice as "some evidence." *Id.;* see also *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). Here, the conduct report is clear and provides a direct account of Doty's possession and handling of the cell phone. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the conduct board is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); see also *Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence here was constitutionally sufficient.

Doty's second claim is that he was not informed of or provided a copy of Rule B207. However, the conduct report recited a wholly adequate description of the rule – "unauthorized possession of [an] electronic device" – and this provided Doty with the meaningful notice of the charge to which Doty was entitled. The purpose of the advance notice requirement is "to inform [the prisoner] of the charges and to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564; see *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995). "The notice should include 'the number of the rule violated and a summary of the facts underlying the charge.'" *Whitford,* 63 F.3d at 534 (quoting *Adams v. Carlson,* 375 F. Supp. 1228, 1237 (E.D. Ill. 1974), *aff'd in part, rev'd in part on other grounds,* 521 F.2d 168 (7th Cir. 1975)). The notice in this case was sufficient under this standard.

Doty's final two claims are that his request for a continuance was denied and he was denied the assistance of the specific lay advocate that he had requested. The expanded record shows that Doty received more than *Wolff's* minimum 24-hour notice between being notified of the charge and the hearing. Beyond this, and in the absence of prejudice – which Doty has not shown – the scheduling of a disciplinary hearing and the decision to grant or deny a continuance does not present a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). Similarly, Doty's claim concerning being denied the lay advocate of his choice is constitutionally insignificant in circumstances where due process did not even require that the services of a lay advocate be provided. *Miller v. Duckworth,* 963 F.2d 1002, 1004 (7th Cir. 1992) (reviewing the limited circumstances in which *Wolff* contemplates the need for a lay advocate – the inmate's illiteracy or the complexity of the case).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. "The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in this action, and there was no constitutional infirmity in the proceeding which entitles Doty to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

So ordered.

_David F. Hamilton_
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 2/20/09

Distribution:

Pamela Sue Moran
INDIANA OFFICE OF THE ATTORNEY GENERAL
pamela.moran@atg.in.gov

JASON DOTY
921639
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514